UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY SHEINDLIN,

        Plaintiff,                              21 cv 01124 (LJL)

vs.

JAMES BRADY,

        Defendant.

----------------------------------------------------------x

REPLY AFFIRMATION OF MICHAEL H. SUSSMAN, ESQ. in **SUPPORT OF ENTRY OF TRO & PRELIMNINARY INJUNCTION**

**Michael H. Sussman, Esq.**, an attorney duly admitted to practice before this Honorable Court and in good standing to do so, hereby states and deposes:

1. I represent plaintiff Gregory Sheindlin in this matter and am fully familiar with the underlying facts both from my review of the relevant documents and discussions with my client.

2. Plaintiff has moved for a TRO and preliminary injunction to disallow defendant from continuing to libel him by claiming, as he has now done again in court papers, that plaintiff stole over $1.7 million from him and fraudulently presented a judgment following a jury trial which Brady lost.

3. Earlier this month, the court provided defendant additional time to submit his opposition to entry of the requested relief. Unsurprisingly, defendant has failed to address any salient legal argument. Rather, he continues the character

1

assassination of anyone associated with the underlying case and his serial efforts to destroy the reputation of anyone who deigns rule against him or otherwise fight back.

4. Despite repeated court findings which reject his "story" about Mr. Sheindlin, Mr. Brady boldly asserts that he has a constitutional right to falsely accuse an attorney of stealing from him and defrauding the judicial system. He provides no case law supporting this "right." Plaintiff provides no support for his notion that he is above our state's defamation laws. As our initial brief explains, our legal system does seek to balance the First Amendment rights of speakers against with the rights of victims of such defamation. The common law does not provide a speaker free license to continue to repeat statements which courts have repeatedly determined are false as if that kind of speech deserves the same protection as speech intended to achieve some broader policy change, however misguided some may believe the latter.

5. It appears plain from defendant's submission that he is intent on bringing Judy Sheindlin into this matter and will stop at nothing to try to gain attention for his "cause." Mr. Brady has provided the court with guidance as to what questions to ask me during oral argument, seeming to forget that he has had his day in court, that New York State courts have rejected his attack on the judgment and that this court is bound by that disposition and without legal authority to re-litigate what

was fully litigated there. Mr. Brady does not explain why this court should ignore the *Rooker-Feldman* doctrine and established principles of *res judicata* or why he, among all litigants, should be spared from the application of these doctrines. Retrying his state court losses in this court is simply not an option, and Mr. Brady's pages of discussion of what he claims transpired in those courts is beyond this court's proper review or concern.

6. In our brief in chief, we noted that Mr. Brady's defamation is as much an attack against the court system as Mr. Sheindlin. That continues in his most recent filing. He claims that Judge Ostrager gave "false law." Brief at 12. He accuses the same judge of threatening him. *Id.* He claims that a federal Judge and Magistrate Judge "make claims that are irrefutably big lies" because of the "politically-connected Sheindlen name" in an effort to protect plaintiff and destroy him. He accuses Judge Engelmayer and Magistrate Wang of being "culpable conspirators" and claims they "repeatedly lie" in judicial decisions. He calls both judicial officers "corruptible accessories after the fact." *Id.* at 14. He claims a federal judge issued a filing injunction "with the criminal intent of leaving me destroyed." *Id.* He claims that unnamed billionaires and their lawyers "totally corrupted state and federal judges the same way Sheindlin corrupted state and federal judges to help him get away with his crime." He accuses Judge Engelmayer and Magistrate

3

Moses as being "corrupt and to be accessories" to a fictional account of state court proceedings. [1]

7. While a party may have immunity against damage claims brought by impugned judicial officers for the content of their pleadings, the same litigant is not exempt from defamation laws. And, we have demonstrated that, where a person engages in a campaign of defamation with the intent to ruin another's reputation, injunctive relief, specifically requiring him to remove his defamatory statements and not to continue to make the same pronouncements, is proper. Here, more specifically, plaintiff requests that the court issue an injunction requiring defendant Brady to take down and refrain from republishing all of his related posts on the Internet, including, but not be limited to, his posts on YouTube and Craigslist. With respect to YouTube in particular, Mr. Brady's posts include more than the title of the video since he has published many defamatory "Reply Comments," as shown in our YouTube exhibit.

In summary, the First Amendment does not protect defamatory content which has been determined, through legal process, to be demonstrably false. It makes no sense to allow substantial money damages to compensate a plaintiff for the presumed injuries which derive from such posts and disallow injunctive relief

---

[1] The reference to Magistrate Moses appears to be in error, intended to refer to Magistrate Wang who recommended the injunction against defendant's initiation of further court proceedings related to his state court proceedings.

against such speech, which is, in effect, a form of mitigation. Indeed, such a legal regime would allow those with means to defame whomever they chose and simply pay damages for the pleasure. Instead, a more robust judicial response is needed to protect those against whom such posts are directed particularly where the originator, here Mr. Brady, repeats the same claims which have been categorically rejected by our courts which have disallowed his continuing to use its forum for these same purposes.

WHEREFORE, the court should enter the requested TRO and preliminary injunction as defendant has not requested an evidentiary hearing and can offer nothing at that hearing which could justify his defamatory conduct.

MICHAEL H. SUSSMAN [3497]

Dated: February 22, 2021 - Goshen, New York