```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
GREGORY SCHEINDLIN,                                                :
                                                                   :
                        Plaintiff,                                 :
                                                                   :        21-cv-1124 (LJL)
            -v-                                                    :
                                                                   :        MEMORANDUM AND
JAMES BRADY,                                                       :             ORDER
                                                                   :
                        Defendants.                                :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiff, a New York lawyer, moves, by order to show cause, for a preliminary injunction compelling defendant James Brady ("Brady" or "Defendant") to refrain from republishing allegedly defamatory statements published by Brady about Plaintiff on *YouTube* videos and on *Craigslist* and requiring him to remove the postings and to retract an email he sent to 44 members of the press on January 28, 2021. *See* Dkt. Nos. 4-5.

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see Am. C.L. Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015) ("A preliminary injunction is an equitable remedy and an act of discretion by the court."). "In general, a party seeking a preliminary injunction or temporary restraining order 'must . . . show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest.'" *Coronel v. Decker*, 449 F. Supp. 3d 274, 280-81 (S.D.N.Y. 2020) (quoting *Clapper*, 804 F.3d at 622 (citation omitted)).

There is no absolute First Amendment bar against an injunction restraining an individual from posting defamatory non-political statements about another private individual on a matter not of public importance. *Cf. Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 178 (2d Cir. 2001) ("the First Amendment *strongly disfavors* injunctions that impose a prior restraint on speech.") (emphasis added); *Snyder v. Phelps*, 562 U.S. 443, 452 (2011) ("[W]here matters of purely private significance are at issue, First Amendment protections are often less rigorous."). However, "absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases." *Metro. Opera Ass'n, Inc.*, 239 F.3d at 177. Prior restraints on speech, such as Plaintiff seeks in part here, must be regarded with particular caution as "the communication will be suppressed . . . before an adequate determination that it is unprotected by the First Amendment." *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 390 (1973).

The videos in question were posted sometime before December 16, 2020, Dkt. No. 4-2 ¶ 21, and were still visible as of February 5, 2021, *id*. ¶ 22. The email to 44 people was sent on January 28, 2021. Dkt No. 4-2 ¶ 26. The videos are entitled: "Judge Judy's son Gregory Sheindlin stealing over $1.7 million dollars on September 5, 2018." Dkt No. 4-4. The caption of at least one of the videos states "These videos are from September 5, 2018 showing a pack of lawyers stealing over $2.3 million dollars from James and Jane Brady when they all knew they were not entitled to a penny." *Id*. At 3. The date corresponds to the date IGS Realty Co., L.P., represented by Scheindlin, was provided with a Satisfaction of Judgment in connection with an action brought by IGS Realty Co., L.P. against Brady in New York State Court. *See* Dkt. No. 4-2 ¶ 17. The email to the members of the press attached a copy of a letter to this Court, in a related case that had been filed by Brady, *Brady v. Scheindlin*, 20-cv-7047 (S.D.N.Y. 2020),

asking for permission to file a criminal complaint against Sheindlin.  Dkt No. 4-8.  The Court denied that request orally on February 12, 2021.  The Court dismissed the related case by Opinion and Order on February 25, 2021.  *See id*. at Dkt. No. 26.  The Court also certified that any appeal from the dismissal of the case would not be taken in good faith and therefore denied *in forma pauperis status* for the purpose of any appeal.  *See id*. at 8 (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

This Court frequently has noted Brady's pattern of filing "repetitive and vexatious litigation."  *See, e.g., Brady v. Goldman*, 2017 WL 496083, at *1 (S.D.N.Y. Feb. 3, 2017).  Throughout that litigation, Plaintiff has falsely and unfairly impugned the motivations and integrity of all of the actors involved in the litigations to which he was a party, including members of the judiciary.  *See Id.* at *2.  That litigation has led to the entry of two separate filing injunctions against Brady.  *Id.*; *Brady v. IGS Realty Co. L.P.*, No. 19-CV-10142, Dkt. No. 65 (S.D.N.Y. Oct. 13, 2020).  The only reason Brady was able to file the related action against Sheindlin formerly before this Court is that he did so prior to the filing injunction entered by Judge Engelmayer.  He will not be able to file a new matter against Sheindlin "relate[d] in any way to the IGS Lease Agreements, the Personal Guarantees associated therewith, or Brady's businesses' occupation of space in IGS-owned buildings, including any actions concerning the conduct of any attorney, judicial officer, government official, or other third party in relation to the IGS Lease Agreements, or any collateral actions arising from those agreements." *Brady v. IGS Realty Co. L.P.*, No. 19-CV-10142 (S.D.N.Y. Oct. 13, 2020), Dkt. No. 65 at 9.

Keeping in mind the need for the Plaintiff to show irreparable injury and the sensitivities surrounding a restraint on speech, the Court denies the application for a preliminary injunction.  Defendant's postings occurred during the litigation he had pending against Sheindlin and

repeated the allegations contained in that litigation. There has been no showing on the papers before the Court that he is likely to repeat his defamatory statements now that that litigation has been dismissed. Plaintiff's allegations are better addressed at trial in connection with his motion for a permanent injunction should Plaintiff wish to pursue that course. In addition, the motion is denied without prejudice to renewal should it be shown that Brady has posted additional defamatory statements after the date of the dismissal of the related case.

      The Court will hold an initial pretrial conference in the matter on April 2, 2021 at 10:30 a.m. The parties shall file a proposed case management pursuant to the Court's Individual Practices on week prior to the conference. The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant.

SO ORDERED.

Dated: March 9, 2021  
      New York, New York  

                                        LEWIS J. LIMAN  
                                      United States District Judge