UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Gregory Sheindlin,

                                      Plaintiff,

          -against-

James Brady,

                                    Defendant.

1:21-cv-01124 (LJL) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

The Court has before it (1) a letter from Defendant James Brady ("Defendant" or "Brady"), dated May 26, 2021 (Def.'s 5/26/21 Ltr., ECF No. 81); (2) a letter from Plaintiff Gregory Sheindlin ("Plaintiff" or "Sheindlin"), dated May 27, 2021 (Plf.'s 5/27/21 Ltr., ECF No. 82); and (3) a letter motion to quash filed by third-party subpoena recipient Frank McCourt ("McCourt"), dated May 27, 2021. (5/27/21 Mot. to Quash, ECF No. 85.) The Court addresses these three letters in reverse chronological order below.

With regard to McCourt's May 27 letter motion to quash: No later than Tuesday, June 1, 2021, Defendant shall file any opposition thereto. No later than Wednesday, June 2, 2021, McCourt shall file any reply.

With regard to Planitiff's May 27 letter: The Court construes this letter as a letter motion to quash the subpoenas issued to Robert Fass and Phillippe Ifrah. No later than Tuesday, June 1, 2021, Defendant shall file any opposition thereto. No later than Wednesday, June 2, 2021, Plaintiff shall file any reply.

With regard to Defendant's May 26 letter: (1) To the extent this letter concerns the subpoenas issued to Robert Fass and Phillippe Ifrah (*see* Def.'s 5/26/21 Ltr. at 1), the Court directs Defendant to the paragraph above for a briefing schedule on Plaintiff's motion to quash those subpoenas. (2) To the extent this letter may be construed as a motion for reconsideration of the Court's grant of a motion to quash the subpoena issued to New York Chief Judge Janet DiFiore (*see* Def.'s 5/26/21 Ltr. at 2; Order, ECF No. 76, at 5-6), that motion is DENIED. "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). Defendant's letter does none of these. (3) With regard to those portions of Defendant's May 26 letter that do not concern Robert Fass, Phillippe Ifrah or Chief Judge DiFiore, Defendant is reminded that the Court does not field unsolicited questions from litigants. (*See* 5/25/21 Memo Endorsement, ECF No. 78.)

In preparing any opposition to the motions to quash the subpoenas to Mr. Fass, Mr. Ifrah and Mr. McCourt, the *pro se* Defendant is advised to be as precise as possible in articulating how any testimony from these potential witnesses could be both (1) relevant to any claim or defense at issue in the particular litigation presently before this Court, and (2) proportional to the needs of that litigation. *See* Fed. R. Civ. P. 26(b)(1). The *pro se* Defendant is also again strongly encouraged to consult with legal counsel, such as the New York Legal Assistance Group ("NYLAG"). (*See* 5/25/21 Memo Endorsement.) An unrepresented party can make an appointment with NYLAG by following the directions at https://nylag.org/gethelp/

(after clicking on "Legal Services for Litigants Representing Themselves in Federal Court") or by calling 212-659-6190.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Defendant.

**SO ORDERED.**

Dated: New York, New York
May 27, 2021

_____
STEWART D. AARON
United States Magistrate Judge