**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Gregory Sheindlin,

                                  Plaintiff,

       -against-

James Brady,

                                  Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/9/2021

1:21-cv-01124 (LJL) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

This is a defamation case brought by Plaintiff Gregory Sheindlin ("Plaintiff" or "Sheindlin"), a New York attorney, against Defendant James Brady ("Defendant" or "Brady"), arising out of statements Brady made about Sheindlin in the aftermath of a New York state court action in which Sheindlin successfully represented one of Brady's adversaries in collecting a $1.7 million judgment against Brady. *See Sheindlin v. Brady*, No. 21-CV-01124 (LJL) (SDA), 2021 WL 2075483, at *1 (S.D.N.Y. May 24, 2021); Sheindlin v. Brady, No. 21-CV-01124 (LJL) (SDA), 2021 WL 2310463, at *1 (S.D.N.Y. June 6, 2021).

The Court has before it (1) a letter from Defendant seeking leave to serve a subpoena for the testimony of Defendant's former attorneys Steve Wagner ("Wagner") and Bonnie Berkow ("Berkow") (Def.'s 6/6/21 Ltr., ECF No. 100); (2) a letter from Defendant seeking leave to re-serve a subpoena for the testimony of real estate developer Jeffrey Katz ("Katz") (Def.'s 6/7/21 Ltr., ECF No. 101); (3) a letter from Wagner and Berkow opposing Defendant's request to serve a subpoena for their testimony (W&B 6/7/21 Ltr., ECF No. 102); and (4) a letter from Defendant replying to the letter from Wagner and Berkow. (Def.'s 6/8/21 Ltr., ECF No. 104.)

After careful review of the record, for the reasons discussed below, the Court hereby DENIES Defendant's applications and QUASHES these three subpoenas.[1]

## LEGAL STANDARDS

For discussion of the applicable legal standards, the Court refers the parties to its May 24, 2021 Opinion and Order quashing certain other subpoenas issued on Defendant's behalf. *See Sheindlin*, 2021 WL 2075483, at *2.

## DISCUSSION

In an exercise of its discretion, the Court denies Defendant's applications and quashes the three instant subpoenas for failure to seek testimony relevant to any party's claim or defense.[2]

---

[1] Defendant has effected the issuance of approximately 20 subpoenas in this case. *See Sheindlin*, 2021 WL 2075483, at *1. By Order, dated May 24, 2021, the Court quashed fourteen of them, stating that it would resolve disputes regarding the others if and when they were brought before it. *See id*. at *5. By Order, dated June 6, 2021, the Court quashed three more. *See Sheindlin*, 2021 WL 2310463, at *5. This Opinion and Order relates to the three remaining subpoenas that the Court has not yet considered.

Defendant also recently filed a letter seeking leave to serve a subpoena for the testimony of *New York Post* reporter Kathianne Boniello ("Boniello"). (*See* Def.'s 6/5/21 Ltr., ECF No. 99.) The Court need not and does not rule on that application at this time. The Court already quashed Defendant's subpoena to Boniello, *see Sheindlin*, 2021 WL 2075483, at *4-5, and although Defendant subsequently filed a defamation counterclaim—to which, he argues, Boniello's testimony is relevant—Plaintiff's deadline to answer or otherwise respond to that counterclaim has not yet passed, and therefore the timeliness and legal sufficiency of such counterclaim is not yet determined. In that regard, the Court notes that a motion to dismiss currently is pending in the lawsuit that Defendant filed directly against Boniello that relates to the substance of the defamation counterclaim in this case. (*See Brady v. NYP Holdings Inc. and Boniello*, No. 21-CV-03482 (S.D.N.Y.), ECF No. 127.)

[2] In addition to the reasons discussed below, the Court notes that Defendant's applications are untimely. Discovery closed on June 1, 2021. (*See* 4/13/21 Order, ECF No. 32.) Although in April 2021 Defendant made a request to extend discovery, which District Judge Liman denied without prejudice on May 10, 2021 (*see* 5/10/21 Order, ECF No. 59), Defendant made no subsequent request. Nor do Defendant's instant applications make a showing of good cause as required to warrant the Court's modification of a discovery schedule. *See Furry Puppet Studio Inc. v. Fall Out Boy*, 19-CV-02345 (LJL), 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (listing requirements for showing of good cause to extend discovery deadlines). Moreover, Defendant's failure to file the present applications until nearly a full week after close of discovery (notwithstanding the Court's lifting of a subpoena-related stay on May 24, 2021, a full week before close of discovery) suggests a lack of "diligence . . . in attempting to comply with the existing

**I.     The Subpoenas To Wagner And Berkow Are Quashed**

Defendant argues that he needs testimony from Wagner and Berkow to demonstrate that certain lawyers (Wagner, Berkow and Plaintiff included) have fraudulently misrepresented "what was determined on [j]ury interrogatory sheets" in subsequent litigation. (Def.'s 6/6/21 Ltr. at 2; *see also id.* ("The testimony of [Wagner and Berkow] will prove that . . . lawyers have repeatedly been able to misrepresent the findings on jury interrogatory sheets[.]").)

As the Court explained in quashing subpoenas Defendant sought for the testimony of Phillippe Ifrah and Robert Fass, the substance and legal significance of a jury verdict is a matter of legal interpretation, to which a fact witness's personal knowledge is irrelevant. *See Sheindlin*, 2021 WL 2310463, at *1-2. Accordingly, Defendant's application is DENIED, and the subpoenas for the testimony of Wagner and Berkow are QUASHED.

**II.    The Subpoena To Katz Is Quashed**

Defendant's stated bases for the subpoena to Katz parallel those he stated in support of his subpoena to Frank H. McCourt, Jr. ("McCourt"), who, like Katz, is a real estate developer and a former litigation adversary of Defendant. (*See generally* Def.'s FHM Opp., ECF No. 96.) Katz's testimony is necessary, Defendant argues, because Katz knows from personal knowledge (1) that Defendant has "never really been the victim of an 'adverse decision' in the [so-called] air rights litigation"; and (2) that "the real reason why state and federal judges placed filing injunctions against [Defendant]" was not to prevent Defendant from further clogging the courts with vexatious and repetitive claims, but rather "so that billionaire[s] [Katz and McCourt] and their

---

scheduling order" that weighs against a finding of good cause. *Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir. 2007).

politically well-connected law firms can all get away with stealing" from Brady. (Def.'s 6/7/21 Ltr. at 2-6; *compare* Def.'s FHM Opp. at 1-4.)

The Court rejects these arguments for the same reasons it did with respect to the McCourt subpoena. The course and outcome of the "air rights litigation" and the lawsuits it spawned are matters of public record, as are the filing injunctions state and federal judges have placed against Defendant. Analysis of these outcomes and injunctions are matters of legal interpretation; no witness testimony is relevant or proporational. *See Sheindlin*, 2021 WL 2310463, at *2-5. Accordingly, Defendant's application is DENIED, and the subpoena for Katz's testimony is QUASHED.

## CONCLUSION

By reason of the foregoing, it is hereby ORDERED that Defendant's applications for leave to serve subpoenas upon Wagner and Berkow (ECF No. 100) and Katz (ECF No. 101) are DENIED, and those three subpoenas are QUASHED. However, if Plaintiff seeks to introduce testimony from Wagner, Berkow and/or Katz at or before trial, Defendant may move for leave to take their depositions with respect to the testimony offered or to be offered.

The Clerk of Court is respectfully requested to mail a copy of this Opinion and Order to the *pro se* Defendant.

**SO ORDERED.**

Dated:   New York, New York
         June 9, 2021

_____
STEWART D. AARON
United States Magistrate Judge