UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

:

GREGORY SCHEINDLIN,                                 :

:

Plaintiff,              :

:

-v-                                        :

:

JAMES BRADY,                                              :

:

Defendant.           :

:

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/2021

21-cv-1124 (LJL)

MEMORANDUM &
ORDER

LEWIS J. LIMAN, United States District Judge:

Upon an order of reference by the Court, Magistrate Judge Aaron issued several orders

addressing motions to quash subpoenas issued by defendant counterclaim-plaintiff James Brady

("Brady").  *See* Dkt. Nos. 76, 98, and 105.  At a conference held on June 10, 2021, Brady

represented that he objects only to Judge Aaron's Order's insofar as they quash subpoenas served

on Phillippe Ifrah ("Ifrah"), Robert Fass ("Fass"), and New York Post reporter Kathianne

Boniello ("Boniello").  Brady reaffirmed his objections by letter filed on July 22, 2021.  Dkt. No.

116.  For the following reasons, the objections are denied and Judge Aaron's Orders are

affirmed.

"The district court may designate a magistrate judge to hear and decide a pretrial matter

that is 'not dispositive of a party's claim or defense.'"  *Arista Recs., LLC v. Doe 3*, 604 F.3d 110,

116 (2d Cir. 2010) (quoting Fed. R. Civ. P. 72(a); *see* 28 U.S.C. 636(b)(1)(A).  "Dispositive

matters," which "principally include motions for injunctive relief and motions for dismissal"

may be "referred to a magistrate judge only for recommendation, not for decision" and are

subject to *de novo* review.  *Id*.  "As to a nondispositive matter, '[t]he district judge in the case

must consider timely objections and modify or set aside any part of the [magistrate judge's]

order that is clearly erroneous or is contrary to law.'"  *Id*. (quoting Fed. R. Civ. P. 72(a)).  "Like

most discovery requests directed to opposing parties, subpoenas to nonparties are designed to

elicit information.  A motion to quash a subpoena in an action seeking relief other than

production of the subpoenaed information is not normally a dispositive motion."  *Id*.  Thus, the

Court considers Judge Aaron's orders for clear error.  It finds none.

Ifrah was a client of Plaintiff's and one of Defendant's adversaries in one of the lawsuits

that is the subject of Plaintiff's allegedly defamatory remarks at issue in this litigation.  Fass was

Ifrah's counsel in that litigation (the "*IGS Realty I* litigation").  Judge Aaron's well-reasoned

Opinion and Order at Dkt. No. 98 quashed subpoenas issued against Ifrah and Fass on grounds

that they are not relevant to any claim or defense.  *See* Dkt. No. 98 at 1-3.  Judge Aaron found

that the purported basis for the subpoenas is that the testimony of Ifrah and Fass would establish

that the plaintiff in this action "fraudulently represented the substance and/or legal significance

of questions 1-3 on a jury interrogatory sheet" from the *IGS Realty I* litigation.  Dkt. No. 98 at 3.

As Judge Aaron explained, "[t]he substance and legal significance of a jury verdict is a matter of

legal interpretation" and "[t]here is no personal knowledge that Ifrah or Fass possibly could

possess that would be relevant to this Court's interpretation of the *IGS Realty I* jury's verdict."

*Id*.  The Court concurs.  To the extent Brady's defense depends on establishing Plaintiff's

misrepresentation of the meaning of a jury interrogatory and verdict, he can adduce such

evidence by comparing the interrogatory and verdict to Plaintiff's representations.  Defendant's

objection is denied.

Brady's purported basis for serving a subpoena on Boniello is that her testimony is needed "in preparing [Brady's] defamation counterclaim against [plaintiff]," as it will purportedly establish that Plaintiff and Plaintiff's counsel falsely testified that they have never communicated with Boniello.  *See* Dkt. No. 76 at 8; Dkt. No. 67 at 4.  When Judge Aaron initially considered the subpoena against Boniello he quashed it on grounds that Brady's counterclaim had not yet been filed and the subpoena was premature.  *See* Dkt. No. 76 at 8. Upon Brady filing a letter renewing his request to subpoena Boniello, *see* Dkt. No. 99, Judge Aaron observed that Plaintiff's deadline to answer or respond to the counterclaim had not yet passed and therefore "the timeliness and legal sufficiency of such counterclaim [was] not yet determined."  Dkt. No. 105 at 2.  The court also noted that a motion to dismiss was—and still is—pending in a different action relating to the substance of the defamation counterclaim in this case.  *See Brady v. NYP Holdings Inc. and Boniello*, No. 21-cv-3482 at Dkt. No. 17.  Since Judge Aaron's ruling, Plaintiff in this action has moved to dismiss the counterclaim and for sanctions. *See* Dkt. Nos. 111-113.  Whether Brady should be permitted to serve a subpoena on Boniello turns in part upon issues raised in the pending motion to dismiss.  In addition, simultaneous with this Order, the Court is issuing an Order directing Plaintiff to show cause why the complaint in this case should not be dismissed for lack of subject-matter jurisdiction.

Accordingly, the Court will defer ruling on Defendant's appeal with respect to the subpoena directed to Boniello pending a decision both as to whether the Court has jurisdiction in this case and, assuming that it does, on the motion to dismiss the counterclaim.   Should the Court determine that (1) it has jurisdiction and (2) the counterclaim withstands the motion to dismiss, the previously entered order closing all discovery in this case will not affect Brady's appeal of Judge Aaron's order with respect to Boniello or Plaintiff's ability to reopen discovery

for the limited purpose of taking Boniello's testimony should the Court reach a different result than the result reached by Judge Aaron.


        SO ORDERED.


Dated:  June 30, 2021
        New York, New York                                              LEWIS J. LIMAN
                                                                 United States District Judge