```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
GREGORY SHEINDLIN,                                               :
                                                                 :
                                    Plaintiff,                   :
                                                                 :          21-cv-1124 (LJL)
            -v-                                                  :
                                                                 :          OPINION AND ORDER
JAMES BRADY,                                                     :
                                                                 :
                                    Defendant.                   :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/31/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiff/Counterclaim Defendant Gregory Sheindlin ("Sheindlin") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the counterclaims of Defendant/Counterclaim Plaintiff James Brady ("Brady") with prejudice for failure to state a claim for relief.  Dkt. No. 111.

For the following reasons, the motion to dismiss is granted.

## BACKGROUND

The Court accepts as true the well-pleaded allegations of the counterclaims, Dkt. No. 92, along with the documents which are incorporated by reference or of which the Court may take judicial notice.  *See Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 382–83 (S.D.N.Y. 2020), *aff'd*, 847 F. App'x 35 (2d Cir. 2021).

This case is one of a large number of litigations in this Court and elsewhere involving Brady.  The instant counterclaims were brought in response to Sheindlin's complaint, Dkt. No. 1, that Brady had defamed him through statements Brady had made after filing a case against Sheindlin in this Court captioned *Brady v. Sheindlin*, 20-cv-7047 (S.D.N.Y.), which has since been dismissed.  *See Brady v. Sheindlin*, 2021 WL 737458 (S.D.N.Y. Feb. 25, 2021), *aff'd*, 2021

WL 5312995 (2d Cir. Nov. 16, 2021).  In that case, Brady brought claims for common fraud, unjust enrichment, "prima facie tort," mail and wire fraud, RICO violations, and conspiracy against rights against Sheindlin and his law firm.  Brady alleged that Sheindlin and his firm engaged in malfeasance in connection with a New York State court real estate action, which led to judgment being wrongfully entered against Brady.  *See id.* at *1.

In his complaint, Sheindlin alleged that after two New York state real estate related litigations did not end in Brady's favor, "Brady embarked on an unlawful campaign in the state and federal courts to impugn the motivations and integrity of judicial officials, adversaries and their attorneys, including Sheindlin, who were involved with the adverse state-court decisions." Dkt. No. 1 at 2.  Sheindlin further alleged that "the mendacity of Brady's statements has already been adjudicated by numerous court decisions containing factual findings, repeated warnings, sanctions, and injunctions prohibiting Brady from commencing any more actions relating to his losses in the state-court adjudications."  *Id.*

In his counterclaims, Brady makes allegations of defamation per se, false light invasion of privacy, intentional infliction of emotional distress, and an unspecified "tort."  Dkt. No. 92 ¶¶ 33–137.  These claims are identical to those made in another case before the Court, *Brady v. NYP Holdings, Inc.*, 21-cv-3482 (S.D.N.Y.), and connects the allegations to Sheindlin by positing that the actions undertaken by the New York Post ("NY Post") were "to help Gregory Sheindlin retaliate against Brady."  Dkt. No. 92 ¶ 35.

Brady's allegations relate to an online news story the NY Post published on April 3, 2021 that was written by Kathianne Boniello, who is also a defendant in *Brady v. NYP Holdings, Inc.*  The news article is entitled "Judge Judy's son Gregory Sheindlin sues court gadfly for 'defamatory' videos."  *Id.* ¶ 36.

2

On February 12, 2021, Boniello sent an email to Brady. *Id.* ¶ 51. Boniello identified herself as a reporter with the NY Post who was seeking a "comment in regard to the defamation lawsuit filed against you by Gregory Sheindlin." *Id.* Boniello asked for a response to what she described as the allegations against Brady: "Court records show you've repeatedly brought the same claims in various courts but consistently lost. Mr. Sheindlin says the YouTube videos and Craigslist ads you've posted are simply defamatory and untrue." *Id.* Brady responded later that day that his claims were not false and that "Sheindlin did exactly what I said he did in the YouTube videos." *Id.* ¶ 61. He attached letters he had sent to the Court, seeking permission "to file criminal charges," and invited Boniello to attend oral argument in the *Brady v. Sheindlin* matter that afternoon. *Id.* In response to Boniello's question asking what criminal charges he would be seeking, Brady accused Sheindlin of stealing over $1.7 million from him. *Id.*

The NY Post published Boniello's story online on April 3, 2021. *Id.* ¶ 36. In brief, the news article stated that Brady, "[a] gadfly who clogs courts with 'vexatious' claims is on a scorched-earth campaign against Judge Judy's son"; that he had "filed so many repetitive lawsuits he's been ordered to stop and sanctioned in both state and federal courts"; that he was "now being sued for defamation"; that "[c]ourt records show he's accused a 'dizzying array of defendants' – judges, the Manhattan District Attorney, federal prosecutors, and lawyers who have either repped him or beaten him in court – of corruption and fraud"; that "[a]pparently unable to accept a unanimous jury verdict against him in [his state case], Brady has spent years lashing out"; that he was engaged "in a bid to bring down Sheindlin with defamatory claims"; and that "Brady has also begged judges, to no avail, to allow him to file 'criminal' charges against Sheindlin – though the specific accusations are unclear." *Id.* The news article included Brady's response: "Brady insisted to The Post he's telling the truth. 'My claims are not false.

3

Sheindlin did exactly what I said he did in the YouTube videos,' he wrote in an email." *Id.* The article contained a picture of Sheindlin, noting that he began his career as a prosecutor in Manhattan.

In his counterclaims, Brady alleges that the news article is false and defamatory. He asserts that the news article was part of a coordinated disinformation campaign by the NY Post, Boniello, Sheindlin, and Sheindlin's attorney Michael Sussman to prejudice the federal jury pool in Sheindlin's defamation case. *Id.* ¶ 70. On that basis, he brings claims for defamation, false light invasion of privacy, intentional infliction of emotional distress, and an unspecified tort action. *Id.* ¶¶ 33–137.

## PROCEDURAL HISTORY

On February 8, 2021, Sheindlin filed the complaint initiated this action, Dkt. No. 1, and moved for a temporary restraining order, Dkt. Nos. 4–5. Treating the application as one for a preliminary injunction, the Court denied Sheindlin's motion for preliminary injunctive relief on March 9, 2021. Dkt. No. 17. On June 1, 2021, Brady answered and filed counterclaims. Dkt. No. 92. On June 18, 2021, Sheindlin moved to dismiss Brady's counterclaims. Dkt. No. 111. Pending before the Court are also the parties' cross motions for summary judgment. Dkt. Nos. 123, 128.

## LEGAL STANDARD

On a 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002), *cert. denied*, 537 U.S. 1089 (2002). This requirement "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must offer more than

4

"labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). The ultimate question is whether "[a] claim has facial plausibility, [i.e.] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx v. Siracusano*, 563 U.S. 27, 46 (2011).

Brady is proceeding pro se in this matter, and his counterclaims are to be "generously and liberally construed." *Kadosh v. TRW, Inc.*, 1994 WL 681763, at *5 (S.D.N.Y. Dec. 5, 1994). However, a pro se plaintiff is nevertheless required to satisfy the same pleading requirements as a plaintiff proceeding with the aid of counsel. A pro se plaintiff's "[b]ald assertions and conclusions of law are not adequate to withstand a motion to dismiss." *Ruotolo v. Fannie Mae*, 933 F. Supp. 2d 512, 524–25 (S.D.N.Y. 2013) (quoting *Wilson v. Dalene*, 699 F. Supp. 2d 534, 554 (E.D.N.Y. 2010)). Furthermore, a court "cannot invent factual allegations that [the pro se plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

Sheindlin moves to dismiss Brady's counterclaims for failure to state a claim for relief. The Court has already dismissed the substance of these allegations as they apply to the NY Post and Kathianne Boniello in its Opinion and Order dismissing the complaint in *Brady v. NYP Holdings, Inc.*, and the Court adopts the reasoning in that Opinion and Order as it applies to this motion. 21-cv-3482 (S.D.N.Y.), ECF No. 31.

Brady's counterclaims fail for multiple reasons. First, to the extent these allegations mirror the allegations in the *Brady v. NYP Holdings, Inc.* matter, the allegations fail to allege any actionable defamatory statement or other cause of action as the Court articulated in its Opinion and Order dismissing the complaint in *Brady v. NYP Holdings, Inc.* Second, Brady does not allege any facts plausibly establishing any involvement by Sheindlin in the publication of the NY Post article.

Even construed liberally, Brady's claims rest upon the allegation that the NY Post story included a screenshot of Sheindlin's law firm profile, which included his phone number and which Brady alleges constituted an "advertisement," Dkt. No. 92 ¶ 42, and was later taken down from the story after Brady brought the allegation to the NY Post's attention, *id.* ¶ 36. Based on this fact alone, Brady states that the NY Post and Boniello "actually permitted Sheindlin and his attorney to participate in writing part, if not the whole article [sic] defamatory story with the intent of prejudicing a potential jury pool against [Brady] and in favor of Sheindlin." *Id.* ¶ 70. Brady does not allege any facts to establish Sheindlin had any contact whatsoever with Boniello or any other employee of the NY Post. His extrapolation of collusion is unsupported by the facts alleged in his counterclaims and cannot sustain the breadth of allegations he makes against Sheindlin. *See Iqbal*, 556 U.S. at 678.

To the extent the article relies upon the statements in Sheindlin's complaint and in other filings in this action, Section 74 of the Civil Rights Law of New York provides protection for reporting on statements made in judicial filings. Section 74 provides that:

> A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published.

N.Y. Civ. Rights Law § 74.  The statute is intended to protect reports of public proceedings which are deemed to be made in the public interest.  *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 477 (S.D.N.Y. 2012). "The privilege afforded by this statute is absolute 'and is not defeated by the presence of malice or bad faith.'" *Gillings v. New York Post*, 87 N.Y.S.3d 220, 223 (2d Dep't 2018) (quoting *Glendora v. Gannett Suburban Newspapers*, 608 N.Y.S.2d 239, 240 (2d Dep't 1994)).  "For a report to be characterized as 'fair and true' within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate." *Holy Spirit Assn. for Unification of World Christianity v. New York Times Co.*, 399 N.E.2d 1185, 1187 (N.Y. 1979).  Filings in court are a "judicial proceeding" for purposes of Section 74.  *See, e.g.*, *Napoli v. New York Post*, 107 N.Y.S.3d 279, 281 (1st Dep't 2019) ("The allegedly defamatory statements appearing in various news articles essentially summarize or restate the allegations in judicial filings in a case related to plaintiff, so they are protected by Civil Rights Law § 74."); *McRedmond v Sutton Place Rest. & Bar, Inc.*, 851 N.Y.S.2d 478, 479 (1st Dep't 2008); *Lacher v. Engel*, 817 N.Y.S.2d 37, 43 (1st Dep't 2006) ("Comments that essentially summarize or restate the allegations of a pleading filed in an action . . . fall within § 74's privilege.").

      Here, the news article is absolutely privileged under Section 74.  On its face, the news article is a report of a judicial proceeding.  The headline refers directly to the legal proceeding: "Judge Judy's son Gregory Sheindlin sues court gadfly for 'defamatory' statements."  Dkt. No. 92 ¶ 36.  Each of the statements contained in the news article is a "substantially accurate" rendition both Sheindlin's complaint and of the court proceedings.  Even if Boniello had been passed a copy of the complaint by Sheindlin (which the allegations of Brady's counterclaims do

7

not establish), that would not subject Sheindlin to liability for Boniello's reporting of it. *See Gillings*, 87 N.Y.S.3d at 223; *Cholowsky v. Civiletti*, 887 N.Y.S.2d 592, 596 (2d Dep't 2009).

The counterclaims are therefore dismissed in their entirety.[1]

## CONCLUSION

The motion to dismiss is GRANTED, and Brady's counterclaims are DISMISSED with prejudice.

The Clerk of Court is respectfully directed to close Dkt. No. 111.

SO ORDERED.

Dated: March 31, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge

---

[1] Sheindlin also requests the Court enter sanctions against Brady "for his repetitive use of the federal court to file baseless and frivolous cases against [Sheindlin] and others." Dkt. No. 112 at 6. At this time, the Court in its discretion declines to enter sanctions on this motion; this denial is without prejudice, however, and an application for sanctions may be renewed in the future if appropriate. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002) ("[D]istrict courts generally have wide discretion in deciding when sanctions are appropriate." (alteration in original) (quoting *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 24 (2d Cir. 1995))).