```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
GREGORY SHEINDLIN,                                               :
                                                                 :
                                Plaintiff,                       :
                                                                 :        21-cv-1124 (LJL)
                -v-                                              :
                                                                 :              ORDER
JAMES BRADY,                                                     :
                                                                 :
                                Defendant.                       :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/29/2022

LEWIS J. LIMAN, United States District Judge:

  The Court held a hearing in this matter today. For the reasons given on the record, Defendant Brady is held in contempt for disrespectful remarks to the Court accusing it of criminal activity and for violating the Court's April 2, 2021 Order, Dkt. No. 23.[1] *See, e.g.*, *United States v. Lumumba*, 794 F.2d 806, 809 (2d Cir. 1986) (describing forms of misconduct punishable by contempt to include "refusal to obey a proper court order or proper court procedures" and "disrespectful remarks to the court, opposing counsel, or other parties").

  Defendant Brady has until May 6, 2022 to file a letter with the Court setting forth any basis upon which the finding of contempt should be vacated or he should be purged of his contempt. Defendant Brady shall show cause by May 6, 2022 why he should not be held in further contempt for making remarks disrespectful of the Court, including in his submission of April 26, 2022 (Dkt. No. 163), September 3, 2021 (Dkt. No. 141), and August 30, 2021 (Dkt. No. 137). Such remarks include those accusing the Court of colluding in criminal conduct and

---

[1] The April 2, 2021 Order stated that "Defendant shall not, in any appearance before this Court and in any submission made to the Court, use language that is disrespectful of the Court, opposing counsel, or the opposing parties, including but not limited to language that accuses any judge of this Court, opposing counsel, or opposing parties in words or in substance of being a criminal, corrupt, or a liar." Dkt. No. 23 at 1 (citing *United States v. Marshall*, 371 F.3d 43, 47–48 (2d Cir. 2004), for the proposition that a court has "a broad power to punish attorneys or parties by contempt proceedings for disrespectful remarks to the court, opposing counsel, or other parties" (internal quotation marks omitted)). The Order further ordered Defendant not to make "*ad hominem* attacks in any Court proceedings or in any submissions to this Court on any member or judge of this Court, opposing counsel, or opposing parties." *Id.* at 2. The Order also noted that "[f]ailure to comply with this Order, i.e., the use of such language in any Court appearance or submission, will subject the Defendant to risk of civil or criminal contempt without any further warning." *Id.* The Court has also warned Defendant about violating the Court's order on other occasions. *See, e.g.*, Dkt. Nos. 40, 127.

accusing the Court of having disregarded the assignment system and of having assigned the case on the basis of the religion of the judge to whom the case is now assigned. *See* Dkt. No. 163. They also include the following remark by Defendant about this Court and two other judges in this District: "As a catholic I am saying that actions of the three of you Jewish Judges are no better than when the Nazi's stole the property of Jews. The only thing different is, that in this case, the victims and the perpetrators are reversed." Dkt. No. 137 at 2; *see also* Dkt. No. 141 at 3 (stating that "there was nothing untrue" when Defendant made the previously quoted remark in his letter at Dkt. No. 137). The Court will decide on the appropriate sanction for the finding of contempt at today's hearing after receiving the submission from Defendant Brady. It will also then decide on whether there is a need for a further contempt hearing based on Defendant Brady's comments in his court submissions.

Counsel for Plaintiff is ordered to serve Defendant Brady with a copy of the transcript of today's conference by May 3, 2022, including by email. Defendant Brady was advised that there is a legal clinic in this District that provides assistance, free of charge, to people who are parties in civil cases and do not have lawyers. The clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the Court. An unrepresented party can contact NYLAG via https://nylag.org/gethelp/ or by calling (212) 659-6190.

Scheduling a trial in this matter was also discussed at the conference. Plaintiff Sheindlin has until May 6, 2022 to file a letter regarding whether he seeks only equitable relief and, in that event, whether the case should be tried only to the bench. Plaintiff may also address whether the limitation on directly contacting represented parties extends to pro se litigants. Defendant Brady shall have until May 13, 2022 to file a response letter.

SO ORDERED.

Dated: April 29, 2022
      New York, New York

                                        LEWIS J. LIMAN
                                    United States District Judge