```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
GREGORY SHEINDLIN,                                               :
                                                                 :
                              Plaintiff,                         :
                                                                 :         21-cv-1124 (LJL)
              -v-                                                :
                                                                 :        MEMORANDUM AND
JAMES BRADY,                                                     :             ORDER
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/21/2022

LEWIS J. LIMAN, United States District Judge:

Defendant/Counterclaim Plaintiff James H. Brady ("Brady") moves for reconsideration of the Court's March 31, 2022 Opinion and Order, Dkt. No. 153, dismissing his counterclaims against Plaintiff/Counterclaim Defendant Gregory Sheindlin ("Sheindlin"). Dkt. No. 159.[1] For the following reasons, the motion for reconsideration is denied.

## BACKGROUND

The facts of the case are set forth in full in the Court's March 31, 2022 Opinion and Order, Dkt. No. 153, and familiarity with the facts is assumed. In short, after Sheindlin sued Brady for defamation, Brady brought counterclaims for defamation, false light invasion of privacy, intentional infliction of emotional distress, and an unspecified tort action. *Id.* at 4. The allegations of Brady's counterclaims mirrored those brought in a separate case that was before this Court, *Brady v. NYP Holdings, Inc.*, 21-cv-3482 (S.D.N.Y.), and related to a news article posted by the New York Post and entitled "Judge Judy's son Gregory Sheindlin sues court gadfly

---

[1] Plaintiff, who is pro se, only filed a memorandum of law and failed to file a notice of motion pursuant to Local Civil Rule 7.1(a)(1). The Court, however, permits the motion despite the failure to adhere to the Local Rules.

for 'defamatory' videos." *Id.* at 2. The news article covered the complaint Sheindlin filed against Brady. Brady alleged that the new article was false and defamatory and was part of a coordinated disinformation campaign by the New York Post, the writer of the article, Sheindlin, and Sheindlin's attorney to prejudice the federal jury pool in Sheindlin's lawsuit against Brady. *Id.* at 4.

Sheindlin moved to dismiss Brady's counterclaims, and the Court dismissed the counterclaims with prejudice. *Id.* at 8. The Court first noted that it had already dismissed the substance of the allegations of Brady's counterclaims as they applied to the New York Post and the writer of the article in the Court's Opinion and Order dismissing the complaint in *Brady v. NYP Holdings, Inc.*, 21-cv-3482 (S.D.N.Y.), ECF No. 31, and adopted that reasoning as it applied to the motion to dismiss at issue. Dkt. No. 153 at 5. The Court dismissed Brady's counterclaims because they failed to allege any actionable defamatory statement or other cause of action and because they failed to allege any facts plausibly establishing Sheindlin's involvement in the publication of the New York Post article. *Id.* at 6. The Court held that the news article was privileged under Section 74 of the Civil Rights Law of New York, which provides protection for reporting on statements made in judicial filings. *Id.* at 6–8.

Brady moved for reconsideration of the Court's decision on April 14, 2022. Dkt. No. 159. Sheindlin filed an opposition on April 25, 2022, Dkt. No. 162, and Brady filed a reply to Sheindlin's opposition on April 26, 2022, Dkt. No. 164.

## LEGAL STANDARD

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable*

2

*Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

## DISCUSSION

Brady's four main arguments for reconsideration are that: (1) the Court did not individually analyze each of the statements that Brady claimed were defamatory; (2) the fair report privilege does not extend to certain statements in Sheindlin's complaint that Brady asserts are not related to Sheindlin's lawsuit against him; (3) a triable issue exists as to whether Sheindlin included certain statements in his complaint so that the New York Post article could cover them and retaliate against Brady; and (4) Brady adequately alleged Sheindlin's involvement in the publication of the New York Post article. Dkt. No. 159. The Court addresses each argument in turn.

First, Brady argues that the Court erred by not individually assessing each of the eighteen statements he alleged was defamatory in the article. *Id.* at 7–14, 17. He argues that the Court, in its Opinion and Order ruling on the parties' cross motions for summary judgment on Sheindlin's claims, individually analyzed the statements Sheindlin alleged were defamatory in his lawsuit,

3

*see* Dkt. No. 157, and therefore must do the same for each statement Brady alleged was defamatory, Dkt. No. 159 at 13. This argument, however, does not raise a ground for reconsideration. Brady's argument is based on a false equivalence. The Court considered each statement Brady alleged was defamatory and, after doing so, it concluded that Section 74 applied to the news article in full because "[e]ach of the statements contained in the news article is a 'substantially accurate' rendition of both Sheindlin's complaint and of the court proceedings." Dkt. No. 153 at 7. There was no need for the Court to reiterate for each statement what it concluded with respect to all of them. By contrast, the Court separately analyzed the statements at issue in Sheindlin's lawsuit because it concluded that the fair report privilege under Section 74 of the New York Civil Rights Law applied to only some of the statements based on the record on summary judgment.

Second, Brady contends that certain statements that he alleged were defamatory were not protected by Section 74 because they were not relevant to Sheindlin's defamation claims. Dkt. No. 159 at 2–3, 13–17. Brady argues that the New York Post article contained "other extrinsic defamatory statements made in the complaint that were irrelevant to the 'judicial proceedings' in the case of *Sheindlin v. Brady*." *Id.* at 2–3. But Brady himself does not dispute that these other statements were part of Sheindlin's complaint.[2] *See, e.g.*, *id.* at 15 ("But none of these

---

[2] If Brady believed certain allegations were irrelevant to Sheindlin's claims, Brady could have moved to strike those allegations from the complaint under Federal Rule of Civil Procedure 12(f). *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."). Brady did not bring such a motion. Further, even if Brady had moved to strike those allegations, "[m]otions to strike are not generally 'favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.'" *Amaya v. Ballyshear LLC*, 340 F. Supp. 3d 215, 220 (E.D.N.Y. 2018) (quoting *Lennon v. Seaman*, 63 F. Supp. 2d 428, 446 (S.D.N.Y. 1999)); *see also Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 429 (S.D.N.Y. 2019) ("Motions to strike under Rule 12(f) 'should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause

statements that Sheindlin mentions in his complaint, even if true, had anything whatsoever with whether or not Brady's claims against Sheindlin were defamatory."). And "[c]omments that essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within § 74's privilege." *Lang Sang v. Ming Hai*, 951 F. Supp. 2d 504, 521 (S.D.N.Y. 2013) (quoting *Lacher v. Engel*, 817 N.Y.S.2d 37, 43 (1st Dep't 2006)). This argument for reconsideration thus fails.

      Third, Brady argues that Sheindlin's intention in filing his complaint should be determined by a jury. Dkt. No. 159 at 19. Brady appears to be relying upon a narrow exception to Section 74 protection, which was discussed by the New York Court of Appeals in *Williams v. Williams*, 246 N.E.2d 333, 337 (N.Y. 1969). The *Williams* court concluded that "it was never the intention of the Legislature in enacting section 74 to allow any person to maliciously institute a judicial proceeding alleging false and defamatory charges, and to then circulate a press release or other communication based thereon and escape liability by invoking the statute." *Id.* This exception, however, is "narrow" and "cannot apply 'in the absence of any allegation that the . . . action was brought maliciously and solely for the purpose of later defaming the [complainant].'" *Wexler v. Allegion (UK) Limited*, 374 F. Supp. 3d 302, 312 n.8 (S.D.N.Y. 2019) (alteration in original) (quoting *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009)). Brady's argument fails because there was no allegation—prior to the suggestion in the briefing on his motion for reconsideration—that Sheindlin brought his lawsuit maliciously and

---

some form of significant prejudice to one or more of the parties to the action.'" (quoting *VNB Realty, Inc. v. Bank of Am. Corp.*, 2013 WL 5179197, at *3 (S.D.N.Y. Sept. 16, 2013))); *Winklevoss Cap. Fund, LLC v. Shrem*, 351 F. Supp. 3d 710, 722 (S.D.N.Y. 2019) ("[O]rdinarily neither a district court nor an appellate court should decide to strike a portion of the complaint – on the grounds that the material could not possibly be relevant – on the sterile field of the pleadings alone." (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976))).

solely for the purpose of defaming Brady.  Though Brady asserts in speculative and conclusory terms that Sheindlin and his lawyer had colluded with the New York Post to write the article and defame Brady, Brady did not make any factual allegations that Sheindlin filed the lawsuit itself maliciously and solely to defame him.  Brady, thus, may not invoke the narrow *Williams* exception, and reconsideration is not warranted on this basis.

Fourth, Brady argues that there was no basis for the Court to conclude that he did not allege facts plausibly establishing Sheindlin's involvement in the publication of the New York Post article.  Dkt. No. 159 at 18.  But Brady's argument merely reiterates the arguments he raised on the motion to dismiss, and a motion for reconsideration is not a "vehicle for relitigating old issues."  *Analytical Surveys, Inc.*, 684 F.3d at 52.

Finally, the Court has reviewed Brady's other arguments for reconsideration and concludes that they do not justify the "extraordinary remedy" of reconsideration.  *In re Health Mgmt. Sys.*, 113 F. Supp. 2d at 614.

## CONCLUSION

The motion for reconsideration is DENIED.

SO ORDERED.

Dated: June 21, 2022
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge