```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                        :
GREGORY SHEINDLIN,                                                      :
                                                                        :
                                                                        :
                            Plaintiff,                                  :
                                                                        :        21-cv-1124 (LJL)
          -v-                                                           :
                                                                        :        MEMORANDUM &
JAMES BRADY,                                                            :        ORDER
                                                                        :
                            Defendant.                                  :
-----------------------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 3/24/2023

LEWIS J. LIMAN, United States District Judge:

  Defendant James Brady ("Defendant" or "Brady") files a renewed motion for recusal. *See* Dkt. Nos. 163, 167, 170, 172 176, 177.  Plaintiff Gregory Sheindlin also has a pending motion to compel Brady to produce evidence supporting certain of his accusations against the Court.  *See* Dkt. No. 165.  The Court has already twice denied Brady's motion for recusal.  The Court denied his first motion for recusal at the initial pretrial conference on April 2, 2021.  The Court then denied a second motion for recusal in the Opinion and Order issued on April 7, 2022. *See* Dkt. No. 157 at 13 n.5.  For the following reasons, both motions are denied.

  Brady's renewed motion for recusal mirrors his second motion for recusal.  *See* Dkt. No. 149.  The motion for recusal repackages his disagreements with the decision of the Second Circuit and this Court's Opinion and Order dated April 7, 2022, as a motion for recusal.  *See*, *e.g.*, Dkt. No. 163 at 2, 5–6; Dkt. No. 170 ¶¶ 43–44; Dkt. No. 176 at 6–7, Dkt. No. 177 at 11–12. Defendant again accuses this Court of participating in a "scheme with the Court of Appeals Justices."  Dkt. No. 170 ¶ 33.  He also accuses this Court of "lying and colluding," in part because the cases were "moved away from the randomly assigned Christian judges," Dkt. No. 163 at 6, to "three of you Jewish men," Dkt. No. 172 at 9.  Defendant also argues that the Court's Opinion and Order dated April 7, 2022, and statements at conferences show bias.  *See* Dkt. No. 163 at 13–14; Dkt. No. 170 ¶ 4.  None of those accusations have any merit.

  "Recusal motions are committed to the discretion of the judge who is being asked to recuse himself."  *Weston Capital Advisors, Inc. v. PT Bank Mutiara Tbk.*, 2019 WL 6002221, at *2 (S.D.N.Y. Sept. 20, 2019) (citing *Apple v. Jewish Hospital & Medical Center*, 829 F.2d 326, 333 (2d Cir. 1987)).  28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Section 455(a) "requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased."  *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988)).

"The Second Circuit has cautioned that the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of impropriety." *Couri v. Pavia*, 2019 WL 3553357, at *1 (S.D.N.Y. Aug. 5, 2019) (alterations accepted) (quoting *Barnett v. United States*, 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012)). "A judge is as much obligated not to recuse himself when it is not called for as he is obligated when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988); *see also Weston Capital Advisors*, 2019 WL 6002221, at *3 ("The Court has an affirmative duty not to disqualify itself unnecessarily."). "[R]ecusal is not warranted for remote, contingent, or speculative reasons." *United States v. Ahmed*, 788 F. Supp. 196, 202 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992) (citations omitted).

Rulings adverse to a litigant in a case cannot justify recusal for actual bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Faulkner v. Nat'l Geographic Enterprises Inc.*, 409 F.3d 26, 43 (2d Cir. 2005) (finding that "ruling [denying class certification] alone does not mandate recusal"); *Lipin v. Bergquist*, 574 F. Supp. 2d 423, 427 (S.D.N.Y. 2008) (rejecting "Plaintiff's allegations regarding bias and/or prejudice [as] frivolous" because "[t]he Court's citation of relevant case law unfavorable to Plaintiff's case is proper and not indicative of bias"). Here, at most, Brady expresses disagreement with the rulings of the Court. That is not a basis for recusal.

The Court denied Defendant's motion for reconsideration in a separate opinion and order. Dkt. No. 178. The Court has reviewed the remainder of Brady's accusations and find all of them to be meritless. There is nothing in the record suggesting "a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996) (citation omitted).

Defendant's third motion for recusal is DENIED. Plaintiff's motion to compel is DENIED. The Clerk of Court is respectfully directed to close Dkt. Nos. 165, 177.

SO ORDERED.

Dated: March 24, 2023
      New York, New York

                                                     LEWIS J. LIMAN
                                               United States District Judge